# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**ZACHARY LEE ADDISON**                                                **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 4:21-CV-P69-JHM**

**NURSE MONICA** *et al.*                                            **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* prisoner civil action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Zachary Lee Addison, an inmate at Henderson County Detention Center, brings this action against Nurse Monica and her employer, Quality Correctional Care of Kentucky.

Plaintiff alleges that he began receiving medication for his back pain on June 28, 2021, which was a "yellowish circle colored pill." Plaintiff states that on July 3, 2021, Nurse Monica gave him an "oval white pill" and that Plaintiff told her that it did not look like the pill that he had been taking. Plaintiff alleges that Nurse Monica told him that "different carriers pills look different." Plaintiff states that he then took the pill and began to feel "really weird" and that he slept the rest of that day and all night. Plaintiff alleges that the following day Nurse Monica told him that she had in fact given him the wrong medication. Plaintiff states, "Giving me someone else's medication could of killed me, lucky it didn't."

As relief, Plaintiff seeks damages.

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594

U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446

U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff does not indicate whether he is a convicted prisoner or a pretrial detainee. In *Brawner v. Scott Cty.*, 14 F.4th 585 (6th Cir. 2021), the Sixth Circuit noted that it had "'historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims under the same rubric.'" *Id*. at 591 (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). However, the *Brawner* court then held that the traditional Eighth Amendment deliberate-indifference standard was no longer applicable to Fourteenth Amendment claims brought by pretrial detainees and that a "modified" deliberate-indifference standard of recklessness now applies. *Id.*[1]

Here, even if Plaintiff is a pretrial detainee, the allegation that Nurse Monica gave him the wrong medication on one occasion is not sufficient to state a constitutional claim because it only suggests negligence. *See, e.g.*, *Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir.

---

[1] The *Brawner* court explained the recklessness standard as follows:

> A pretrial detainee must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017) ("[T]he pretrial detainee must prove that the defendant-official acted [or failed to act] intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."); *Griffith v. Franklin Cty.*, 975 F.3d 554, 589 (6th Cir. 2020) (Clay, J., concurring in part and dissenting in part) (explaining that a pretrial detainee must prove that the defendant acted "intentionally to ignore [her] serious medical need or recklessly failed to act with reasonable care to mitigate the risk that the serious medical need posed to the pretrial detainee, even though a reasonable official in the defendant's position would have known, or should have known, that the serious medical need posed an excessive risk to the pretrial detainee's health or safety").

*Id*. at 596-97.

2011) (affirming dismissal of claim that prison nurse gave the prisoner-plaintiff the wrong medication because the complaint "allege[d] no facts suggesting that [defendant's] incorrect administration of Dilantin was anything other than negligent"); *Positano v. Wetzel*, 529 F. App'x 116, 119 (3d Cir. 2013) (allegation that doctor prescribed prisoner the "wrong medication" suggested at best "medical malpractice" and not a constitutional violation); *Johnson v. Doe*, 234 F.3d 1273 (7th Cir. 2000) (upholding dismissal of constitutional claim where officials "mistakenly gave [prisoner] the wrong medication"); *Brown v. Briscoe*, 998 F.2d 201, 204 (4th Cir. 1993) (upholding dismissal of a constitutional claim where nurse administered a tuberculosis inoculation after inmate informed her he had already received one).

**IV.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: December 14, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011